FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 19 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00913-BNB

GREGG JOSEPH SAVAJIAN,

    Applicant,

v.

WARDEN KEVIN MILYARD, Sterling Correctional, and
JOHN SUTHERS, The Attorney General of the State of Colorado,

    Respondents.

## ORDER

On May 16, 2011, Applicant, Gregg Savajian, filed a Letter in which he objects to me presiding over the initial review of this action. Mr. Savajian states that he has not submitted any written notices to the Court giving consent to a magistrate judge to preside over the matters in accord with D.C.COLO.LCivR 72.2.C. and D. Mr. Savajian also asserts that I will not conduct an unbiased review of this action.

To the extent Mr. Savajian asserts that I am biased, the Letter is construed as a Motion for Recusal filed pursuant to 28 U.S.C. § 455(a). The Motion for Recusal will be denied because Mr. Savajian fails to assert an appropriate legal basis for my recusal in the instant action.

Consideration for disqualifying magistrate judges is regulated by 28 U.S.C. § 455(a). Section 455(a) states that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The general purpose of § 455(a) is "to promote public

confidence in the integrity of the judicial process" and to avoid even the "appearance of impropriety." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). "[W]hat matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). Under § 455(a), "a judge has a continuing duty to recuse before, during, or, in some circumstances, after a proceeding, if the judge concludes that sufficient factual grounds exist to cause an objective observer reasonably to question the judge's impartiality." *United States v. Cooley*, 1 F.3d 985, 992 (10th Cir. 1993). "The decision to recuse is committed to the sound discretion of the district court." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992) (citation omitted).

"The provisions of 28 U.S.C. § 455(a) do not command automatic disqualification of a judge, to the contrary, it is the duty of the judge who is allegedly biased to pass on the sufficiency of the allegations." *See David v. City & County of Denver*, 837 F. Supp. 1094, 1095 (D. Colo. 1993). A judge has an obligation not to disqualify himself unnecessarily. *See Cooley*, 1 F.3d at 994; *David*, 837 F. Supp. at 1095. A judge is obligated not to recuse when there is no occasion for him to do, just as he is obligated to recuse when there is occasion to do so. *See Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995); *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987).

Under § 455(a), the judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue; rather, the issue is whether a reasonable person, knowing all of the relevant facts, would harbor doubts about the judge's impartiality. *Id.* at 351; *Cooley*, 1 F.3d at 993. The standard is purely objective, and the inquiry is

limited to outward manifestations and reasonable inferences drawn therefrom. *See Nichols*, 71 F.3d at 351; *Cooley*, 1 F.3d at 993.

In applying the objective test, "the initial inquiry is whether a reasonable *factual* basis exists for calling the judge's impartiality into question." *Cooley*, 1 F.3d at 993. Application of § 455(a) necessarily includes emphasis on whether a judge's impartiality might "reasonably" be questioned. *Id.* Section 455(a) is not to be construed so broadly that recusal would be mandated "upon the merest unsubstantiated suggestion of personal bias or prejudice." *Franks v. Nimmo*, 796 F.2d 1230, 1235 (10th Cir. 1986) (citing *United States v. Hines*, 696 F.2d 722, 729 (10th Cir. 1982)). Section 455(a) should not be read to warrant the transformation of a litigant's fear that a judge may decide a question against him into a "reasonable fear" that the judge will not be impartial. *See Cooley*, 1 F.3d at 993. The statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice. *See Nichols*, 71 F.3d at 351; *Cooley*, 1 F.3d at 993.

Mr. Savajian's reasons for recusal are vague and conclusory and do not satisfy the objective standard for disqualification required pursuant to § 455(a). Therefore, Mr. Savajian's request that I recuse myself will be denied.

Also, it is not necessary for Mr. Savajian to submit a consent form, as required under D.C.COLO.LCivR 72.2, to authorize me to conduct an initial review of this case. Under D.C.COLO.LCivR 72.1.B.5, this Court has assigned to a magistrate judge the authority to "make determinations and enter appropriate orders pursuant to 28 U.S.C. § 1915 with respect to any suit, action, or proceedings in which a request is made to

proceed *in forma pauperis*." Therefore, I have authority to preside over the initial review of Mr. Savajian's Application. Accordingly, it is

ORDERED that Mr. Savajian's Letter, Doc. No. 10, filed May 16, 2011, is construed in part as a Motion for Recusal, filed pursuant to 28 U.S.C.§ 455(a), and is denied. It is

FURTHER ORDERED that the instant action is properly before me under D.C.COLO.LCivR 72.1.B.5.

DATED May 19, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00913-BNB

Gregg Joseph Savajian
Prisoner No. 125166
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on May 19, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk