FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 23 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00913-BNB

GREGG J. SAVAJIAN,

    Applicant,

v.

KEVIN MILYARD, and
JOHN SUTHERS, The Attorney General of the State of Colorado.

    Respondents.

## ORDER

    Applicant, Gregg J. Savajian, a state prisoner acting *pro se,* filed a "Motion to Arrest Judgement [sic] Order by Magistrate (To Not Recuse) by Objection and Request for Hearing for Reassignment of Alternate Magistrate." The filing is an Objection to the order Magistrate Judge Boyd N. Boland entered on May 19, 2011. Specifically, Mr. Savajian challenges the decision to construe of his Letter of May 16, 2011, as request for recusal.

    Pursuant to 28 U.S.C. § 636(b)(1)(A) a judge may reconsider any pretrial matter designated to a magistrate judge to hear and determine where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. For the reasons stated below, the Objection is construed as filed pursuant to § 636 and will be overruled.

    In the May 19 Order, Magistrate Judge Boland instructed Mr. Savajian that under D.C.COLO.LCivR 72.1.B.5 the Court has assigned to him the authority to "make determinations and enter appropriate orders pursuant to 28 U.S.C. § 1915 with respect

to any suit, action, or proceedings in which a request is made to proceed *in forma pauperis.*" There is no requirement that Mr. Savajian consent to the assignment of a magistrate judge in this case.

Magistrate Judge Boland also construed Mr. Savajian's May 16 Letter as a request for reassignment to a nonbiased magistrate judge to preside over the review of his case or, in other words, a motion for recusal. Upon review of Mr. Savajian's May 16 Letter and his Objection to the May 19 Order, the Court finds that Mr. Savajian is indeed requesting that Magistrate Judge Boland recuse himself from presiding over the initial review of this case. However, nothing Mr. Savajian asserts in either the May 16 Letter or the Objection meets the objective standard for disqualification required pursuant to 28 U.S.C. § 455(a). The list of reasons Mr. Savajian sets forth in the May 31 Objection for Magistrate Judge Boland not to preside over this case are no more than his disagreements with decisions in a case that previously was before Magistrate Judge Boland. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Therefore, Mr. Savajian's Objection is without merit and will be overruled. Accordingly, it is

ORDERED that Mr. Savajian's 28 U.S.C. § 636 Objection (Doc. No. 12), filed on May 31, 2011, is overruled. It is

FURTHER ORDERED that Mr. Savajian's request to amend the Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. No. 13) is denied as unnecessary. It is

FURTHER ORDERED that Mr. Savajian's request to suspend temporarily any ruling pending by Magistrate Judge Boland (Doc. No. 13) is denied. It is

FURTHER ORDERED that the Motion for Appointment of Counsel (Doc. No. 9) is denied as premature. It is

FURTHER ORDERED that Mr. Savajian shall file either a Reply to the Pre-Answer Response or an Amended Application within twenty-one days from the date of this Order. It is

FURTHER ORDERED that if Mr. Savajian fails to file a Reply or an Amended Application within twenty-one days initial review of this case will continue based on the claims set forth in the original Application and the arguments stated in the Pre-Answer Response.

DATED at Denver, Colorado, this 23rd day of June, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00913-BNB

Gregg Joseph Savajian
Prisoner No. 125166
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on June 23, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk