**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge William J. Martínez**

Civil Action No. 11-cv-00913-WJM

GREGG J. SAVAJIAN,

    Applicant,

v.

KEVIN MILYARD, Warden, Sterling Correctional Facility, and
JOHN SUTHERS, The Attorney General of the State of Colorado,

    Respondents.

**ORDER TO DISMISS IN PART AND FOR ANSWER**

I. Background

    Applicant Gregg J. Savajian is in the custody of the Colorado Department of Corrections (DOC) at the Sterling, Colorado, Correctional Facility. Mr. Savajian, acting *pro se*, has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. In an order entered on April 13, 2011, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those affirmative defenses in this action.

    On April 28, 2011, Respondents filed their Pre-Answer Response. Subsequently, Mr. Savajian filed several motions, including a motion to amend. Magistrate Judge Boland denied the motion to amend as unnecessary and instructed

Mr. Savajian to file either a reply or an amended application. Mr. Savajian filed a request for clarification of the order to amend or reply. Magistrate Judge Boland again directed Mr. Savajian to file either a reply or an amended application and granted an extension of time to do so. Mr. Savajian filed a document on August 15, 2011, titled, "Plaintiff's Motion to Amend Habeas Corpus Pursuant to Federal Civil Rules of Procedure, Rule 15(a)(1)." Doc. No. 20.

The Court construes the document as a Reply to Respondents' Pre-Answer Response, even though Mr. Savajian has captioned the document as a motion to amend. Mr. Savajian also has submitted an Affidavit by his trial attorney, Renee Cooper. Doc. No. 21. The Court will consider both the construed Reply and Affidavit in determining the procedural posture of Claim Three.

Mr. Savajian was convicted by a jury of solicitation to commit first degree murder, introduction of contraband, and possession of contraband in Jefferson County District Court Case No. 03CR3131 and was sentenced to a total of twenty-four years in the DOC. The Colorado Court of Appeals (CCA) affirmed Mr. Savajian's conviction and sentence. *See People v. Savajian*, No. 05CA0472 (Colo. App. Sept. 7, 2006). Mr. Savajian filed a petition for certiorari review that was denied by the Colorado Supreme Court (CSC) on March 12, 2007. *Savajian v. People*, No. 06SC767 (Colo. Mar. 12, 2007) (en banc).

Respondents assert, and Mr. Savajian does not deny, that he filed a Colo. R. Crim. P. 35(c) postconviction motion on May 9, 2007, which he withdrew a short time later. Mr. Savajian then filed a second Rule 35(c) postconviction motion, in which the state district court conducted a hearing and denied the motion. The CCA affirmed the

denial.  *See People v. Savajian*, No. 08CA2485 (Colo. App. Oct. 21, 2010).  Mr. Savajian petitioned for a writ of certiorari from the CSC that was denied on February 22, 2011.  *Savajian v. People*, 2010SC813 (Colo. Feb. 22, 2011).

      Mr. Savajian asserts three claims in the Application, including:

(1) Violation of his Sixth and Fourteenth Amendment rights due to the prosecution's peremptory challenge against an African-American member of the venire and to juror misconduct;

(2) Violation of his Fifth, Sixth, and Fourteenth Amendment rights due to perjured testimony, mistaken in-court identification, and prosecutor misconduct; and

(3) Violation of his right to effective assistance of trial counsel including:

    (i) Failure to conduct an adequate investigation until two weeks prior to trial;

    (ii) Failure to prepare proper defense in that he was late to every hearing and unprepared for trial;

    (iii) Failure to obtain and present witnesses with exculpatory testimony;

    (iv) Failure to object to the mistaken identity by State's only eyewitness;

    (v) Failure to object to sleeping jurors;

    (vi) Failure to object to multiple instances of prosecutorial misconduct;

    (vii) Failure to investigate and provide transportation for exculpatory defense witness;

    (viii) Failure to object to prejudicial closing;

    (ix) Failure to protect him from assault by other deputies after his arraignment;

    (x) Failure to secure refuted testimony against allegations by State's witness;

> (xi) Failure to object to misrepresentation of material evidence; and
>
> (xii) Failure to object to trial court's exclusion of jury instructions on a lesser charge.

Respondents concede the action is timely but contend that all the subclaims under Claim Three, except for the sleeping jurors claim, are barred from federal habeas review.

II. Analysis

The Court must construe liberally the Application, Reply, and other pleadings, because Mr. Savajian is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. People*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been

presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

"The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Respondents argue that the only ineffective assistance of counsel claim that was raised and resolved in state court is trial counsel's failure to alert the trial judge about the sleeping jurors. Respondents contend that Mr. Savajian raised four claims of ineffective assistance of counsel at the state district court level, including trial counsel's failure to (1) conduct adequate investigation, (2) subpoena Mr. Savajian's cellmate as a witness, (3) adequately cross-examine the state's witness, and (4) alert the trial judge about the sleeping jurors; but only the sleeping jurors claim was addressed at the evidentiary hearing.[1] Respondents further contend that all claims except the sleeping

---

[1] The Court notes that in Mr. Savajian's postconviction motion he raised all of the ineffective assistance claims that he now raises in this action. *See Savajian*, Case No.

5

jurors claim were procedurally defaulted because the claims were abandoned or waived on appeal. Respondents also contend that Mr. Savajian fails to show a fundamental miscarriage of justice in barring the claim from federal habeas review.

In his Reply, Mr. Savajian concedes that the ineffective assistance of counsel claims not addressed in his Rule 35(c) postconviction motion now are procedurally defaulted in state court. *See* Reply at 4. Mr. Savajian, however, asserts that because of newly discovered evidence he has demonstrated a fundamental miscarriage of justice, resulting in a basis for this Court to excuse the default.

The Court has reviewed Mr. Savajian's opening brief in his Rule 35(c) appeal. In the brief, counsel asserts that Mr. Savajian raised the following ineffective assistance of counsel claims in his postconviction motion before the state district court: (1) failure to conduct an adequate investigation into jail house logs and video surveillance to prove state's witness had limited access to Mr. Savajian, especially on the date Mr. Savajian was to have solicited state's witness to commit murder; (2) failure to subpoena Mr. Savajian's cellmate to testify in support of defense theory; (3) failure to adequately cross-examine two prosecution witnesses; (4) failure to explore prosecution witness's inability to identify Mr. Savajian at court; (5) failure to impeach witness's testimony regarding his statements about Mr. Savajian's girlfriend; and (6) failure to alert the trial court that two jurors were sleeping during testimony. Pre-Answer Resp., Attach 11 at 6-8. Each of these claims also were presented to the CCA in the opening brief. *Id.* at 9-17.

---

03CR3131, Flat File at 323-52.

The CCA, however, only addressed the merits of the sleeping jurors claim because counsel for Mr. Savajian announced at a hearing before the evidentiary hearing that only ineffective assistance of counsel claim to be presented would be the sleeping jurors claim.  Pre-Answer Resp., Attach. 13 at 10.  The district court then ruled that unless Mr. Savajian supplemented the postconviction motion no other issues would be addressed at the evidentiary hearing.  Relying on state case law,[2] the CCA found that Mr. Savajian's request, through counsel, for a evidentiary hearing and ruling on only the sleeping jurors claim had the effect of abandoning or waiving the other claims.

A claim is held procedurally barred from federal habeas review if it is obvious that an unexhausted claim would be procedurally defaulted in state court.  *Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993) (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Harris v. Reed*, 489 U.S. 255, 269-70 (1989)).  The Colorado Rules of Criminal Procedure prohibit successive postconviction Rule 35 motions with limited exceptions.  *See* Colo. R. Crim. P. 35(c)(3)(VI) and (VII).  The exceptions are not applicable to Mr. Savajian's ineffective assistance claims.  *Id.*  Thus, all of Mr. Savajian's  ineffective assistance claims, except the sleeping jurors claim, are subject to an anticipatory procedural bar.  *See Anderson v. Sirmons*, 476 F.3d 1131, 1139 n. 7 (10th Cir. 2007).

---

[2] The CCA relied on *Feldstein v. People*, 410 P.2d 188, 191 (1966), *abrogated on other grounds by Deeds v. People*, 747 P.2d 1266 (Colo. 1987), for the proposition that a moving party must see to it that the court rules on a matter that he urges, and the trial court should be afforded the opportunity to so rule.  Otherwise, the matter will not be considered on a writ of error.  The CCA also based its decision on *People v. Young*, 923 P.2d 145, 149 (Colo. App. 1995), and *People v. Ridenour*, 878 P.2d 23, 28 (Colo. App. 1994), in which the CCA found that if a defendant fails to request a ruling on an ineffective assistance of counsel claim from the trial court the claim is waived on appeal as is his right to assert an error on appeal.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman*, 501 U.S. at 730. A federal court may proceed to the merits of a procedurally defaulted habeas claim if the applicant establishes either cause for default and actual prejudice or fundamental miscarriage of justice if the merits of a claim are not reached. *See Demarest v. Price*, 130 F.3d 922, 941 (10th Cir. 1997). Mr. Savajian's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Mr. Savajian must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]." *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted). Ineffective assistance of counsel may establish cause excusing a procedural default. *Jackson*, 143 F.3d at 1319. Mr. Savajian, however, must show "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" and have "presented to the state courts as an independent claim before it may be used to establish cause for a

procedural default." *Murray*, 477 U.S. at 488-89.

The Court has reviewed the state court record, specifically the transcript for the postconviction evidentiary hearing regarding Mr. Savajian's ineffective assistance of counsel claims. *See* Case No. 03CR3131, Postconviction Hr'g Tr., Sept. 8, 2008. During this hearing, Mr. Savajian asserted dismay with appointed counsel in not proceeding with all the ineffective assistance claims that he had identified in his *pro se* postconviction motion filed prior to counsel being appointed. *Id.* The postconviction court denied Mr. Savajian's request for new counsel and proceeded with the sleeping jurors issue, which was the only issue presented by counsel. *Id.*

A claim that a collateral counsel failed to present all claims and ignored requests to present certain claims is not sufficient to show cause for procedural default. *See Parkhurst v. Shillinger*, 128 F.3d 1366, 1371 (10th Cir. 1997) (an applicant is not entitled to assistance of counsel in a postconviction motion) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). Usually, "ineffective representation in state post-conviction proceedings is inadequate to excuse a procedural default." *See Spears v. Mullin*, 343 F.3d 1215, 1255 (10th Cir. 2003); *Coleman*, 501 U.S. at 757 ("[A]ny attorney error that led to the default of [ ] claims in state court cannot constitute cause to excuse default in federal habeas."); *Parkhurst*, 128 F.3d at 1371; 28 U.S.C. 2254(i)

(Ineffectiveness of counsel in a state collateral postconviction proceeding is not a ground for relief in a § 2254.)

Most recently, the United States Supreme Court found basis for ineffective assistance of counsel in a state postconviction proceeding. *See Maples v. Thomas*, ----

S.Ct. ----, 2012 WL 125438 (Jan. 18, 2012).  The facts in *Maples*, however, easily are distinguishable from those in this case.  In *Maples*, the applicant's attorneys did not inform him that they had changed employment and were unable to represent him in their new job.  *Maples*, 2012 WL 125438, *4.  Also, no other attorney from the law firm moved to substitute counsel or inform the court of the change in applicant's representation.  *Id.*  The Supreme Court determined that applicant's attorneys abandoned him, left him unrepresented at a critical time in his postconviction proceeding, and left him unaware of his need to proceed *pro se*, resulting in a failure to file a timely appeal after the trial court denied the postconviction motion.  *Id.* at *10-*15.  The Supreme Court also noted that applicant had been sentenced to death, appointed attorneys in death penalty cases in Alabama are undercompensated and selected based on low eligibility requirements, and neither attorney in this case had tried a penalty phase of a capital case.  *Id.*

In contrast, Mr. Savajian had representation in both the district court and the appellate court in his postconviction proceeding.  In the district court, his attorney reviewed the merits of his claims and determined that only one of Mr. Savajian's ineffective assistance of counsel claims had merit.  His attorney did not abandon him.  The district court had the opportunity to address Mr. Savajian's concerns.  Mr. Savajian appeared before the court at the evidentiary hearing and he stated his concerns and desire to proceed with all of the ineffective assistance claims.

As stated above, a collateral counsel's refusal to present certain claims is not sufficient to show cause for procedural default.  *See Parkhurst*, 128 F.3d at 1371.  Therefore, officials did not interfere and cause compliance with the State's procedural

rule to be impracticable. The Court need not address whether Mr. Savajian has shown prejudice because he has failed to demonstrate cause.

A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). To demonstrate a fundamental miscarriage of justice, Mr. Savajian first must "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Id.* Mr. Savajian then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327.

Mr. Savajian asserts newly discovered evidence based on a statement by his trial attorney that a state witness committed perjury. Mr. Savajian attached the trial attorney's statement to Document No. 21, an affidavit he prepared. The trial attorney's statement does not present any new reliable evidence that demonstrates Mr. Savajian actually is innocent or show that a factor external to the defense impeded his ability to comply with the state's procedural rule. The trial attorney's statement only goes to the credibility of the state's witness, which was already before the jury at trial. Nothing in the statement is newly discovered evidence that would support a finding that Mr. Savajian did not solicit the state witness to murder a sheriff deputy. As a result, all ineffective assistance claims, except the sleeping jurors claim, are barred in a federal habeas action.

III. Conclusion

Accordingly, it is

ORDERED that all ineffective assistance of counsel claims asserted in Claim Three, except the sleeping jurors claim, are dismissed as procedurally barred. It is

FURTHER ORDERED that within thirty days Respondents are directed to file an answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of Claims One, Two, and the remaining part of Claim Three. It is

FURTHER ORDERED that within thirty days of the filing of the answer Mr. Savajian may file a reply if he desires. It is

FURTHER ORDERED that no order for the state court record will issue as the record already has been secured by the Court.

Dated this 30th day of January, 2012.

BY THE COURT:

_____
William J. Martínez
United States District Judge