**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge William J. Martínez**

Civil Action No.  11-cv-00913-WJM

GREGG J. SAVAJIAN,

     Applicant,
v.

KEVIN MILYARD, Warden, Sterling Correctional Facility, and
JOHN SUTHERS, The Attorney General of the State of Colorado,

     Respondents.

## ORDER

At issue is the "Motion by Plaintiff Requesting State Record(s) under 28 U.S.C. § 753(f)," (ECF No. 32), filed on February 16, 2012.  Applicant requests copies of state court transcripts and all court recordings that will be used by the Court and Respondents in deciding this case.

On direct appeal, a trial transcript is an absolute matter of right for an indigent criminal defendant. *See Griffin v. Illinois,* 351 U.S. 12 (1956).  However, an applicant seeking relief under 28 U.S.C. § 2254 must first demonstrate his claim is not frivolous and a transcript is needed to decide the issue before the court before a free transcript is provided.  *See United States v. MacCollom*, 426 U.S. 317 (1976) (plurality) (dealing with a § 2255 motion and § 753(f)); *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (applying *MacCollom* to a § 2254 action).  The *MacCollom* court expressly cited to circuit court opinions that held indigent petitioners seeking collateral relief did not have unlimited access to trial transcripts.  *Ruark*, 958 F.2d at 319 (citing *MacCollom*, 426

U.S. at 327 n. 5).  In one of those cases, *Hines v. Barker,* 422 F.2d 1002 (10th Cir. 1970), the Tenth Circuit held that an indigent § 2254 applicant does not have a constitutional right to access a free transcript in order to search for error.  *Id.* at 1006-07 (distinguishing *Wade v. Wilson,* 396 U.S. 282 (1970), where the Court declined to define a § 2254 applicant's right to a free transcript).

Applicant fails to assert how his request is related to any claim for relief.  "A habeas proceeding is not a fishing expedition."  *See Teti v. Bender*, 507 F.3d 50, 60 (1st Cir. 2007), *cert. denied*, 552 U.S. 1287 (2008).  The request is broad and general, lacks the specificity to support a finding of good cause, and, therefore, will be denied.  Accordingly, it is

ORDERED that Applicant's request for state court records, (ECF No. 32), is denied for lack of specificity.

Dated this 17th day of February, 2012.

BY THE COURT:

William J. Martínez
United States District Judge